UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MABREY,

    Plaintiff,

    v.

WIZARD FISHERIES, INC., *et al.*,

    Defendants.

Case No. C05-1499L

ORDER DENYING MOTION
TO COMPEL MAINTENANCE

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff John Mabrey, an injured seaman, to compel defendant Wizard Fisheries, Inc. ("Wizard") to pay him maintenance (Dkt. #13). Wizard is currently paying Mabrey maintenance in the amount of $35.00 per day, as set forth in his employment contract. Mabrey seeks to compel Wizard to increase the amount of maintenance to $76.17 per day, the amount of his actual living expenses. Mabrey also seeks retroactive payments in the increased amount, and his attorney's fees and costs incurred in bringing this motion.

For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

**A.    Background Facts.**

ORDER DENYING MOTION TO
COMPEL MAINTENANCE - 1

Plaintiff alleges that on January 8, 2004, he was injured during his employment while descending stairs on the F/V Wizard. He grabbed onto a bulkhead while trying to stop his fall, and dislocated his shoulder. Plaintiff continued to work on the vessel for 8 days, then obtained medical treatment, and subsequently returned to the vessel to finish the 2004 red king crab season. After plaintiff made a claim for his shoulder injury, Wizard began paying him $20.00 per day in maintenance, which it then retroactively increased to $35.00 per day pursuant to his employment contract. From February to September 2004, the company paid Mabrey a total of $2,000 per month in maintenance and advances on settlement funds.

Plaintiff rejoined the F/V Wizard in September 2004. In December 2004, Wizard gave him a $5,000 draw to participate in the upcoming crab season. Although Mabrey did not participate in the season, the company did not seek reimbursement of the advance. Instead, it credited the draw as an advance on the settlement of his claims.

Beginning in January 2005, Wizard paid Mabrey $5,000 per month, which included $35.00 per day in maintenance plus advances on the settlement of his claim. The company paid Mabrey an additional $1,500 in February 2005 to assist him in meeting his child support obligations; the payment was characterized as an advance on the settlement. In July 2005, Mabrey reported a problem with his knee and alleged that it was related to an injury on the vessel.

Plaintiff filed his complaint on August 31, 2005 alleging unseaworthiness, negligence, and a violation of the Jones Act. After Mabrey filed suit, Wizard ceased advancing additional funds, and paid Mabrey only $35.00 per day in maintenance. Wizard does not dispute that it has a duty to pay maintenance to Mabrey. It argues, however, that the amount Mabrey seeks is exorbitant and represents far more than the reasonable cost of food and lodging.

**B.    Amount of Maintenance.**

The purpose of maintenance and cure is to provide an ill or injured seaman with food, lodging, and necessary medical care during the period when he or she is incapacitated and until

ORDER DENYING MOTION TO
COMPEL MAINTENANCE - 2

maximum medical recovery is achieved. Vaughan v. Atkinson, 369 U.S. 527, 531 (1962). Mabrey argues that Wizard should be equitably estopped from reducing the amount of maintenance. However, Wizard never paid Mabrey more than $35.00 per day in maintenance. Although Mabrey argues that Wizard paid him additional advances because it "knew [he] needed the money," he offered no evidence to support that assertion. Plaintiff's Motion at p. 8. Wizard offered evidence that it made the additional payments, which it never characterized as maintenance, as advances on an anticipated settlement. There is no legal basis to require Wizard to continue to advance those funds, and presumably to do so would discourage companies from ever advancing funds. Mabrey also argues that the advance settlement payments are admissible as evidence of Wizard's liability. Because the issue of liability is not presently before the Court, the Court declines to address it now.

If the $35.00 per day rate had been set forth in a collective bargaining agreement, the Court would enforce the contract rate. See, e.g., Gardiner v. Sea-Land Serv., Inc., 786 F.2d 943 (9th Cir. 1986). However, the rate was included in Mabrey's individual employment contract. A seaman's right to a reasonable maintenance payment cannot be abrogated by an individual employment contract. See, e.g., Rowell v. Tyson Seafood Group, Inc., 1999 A.M.C. 2277 (W.D. Wash. 1999); American Seafoods Co. v. Nowak, 2002 A.M.C. 1655 (W.D. Wash. 2002). Therefore, the Court will not automatically enforce the $35.00 per day rate.

Despite plaintiff's assertion, the courts in Rowell and Nowak did not award maintenance based on the seaman's actual living expenses. Rather, both courts reserved the issue for trial. In this case, the Court considers both plaintiff's actual cost of food and lodging, and the reasonable cost of food and lodging in his locality, Port Angeles. See, e.g., Hall v. Noble Drilling, Inc., 242 F.3d 582, 590 (5th Cir. 2001). Plaintiff has presented evidence that he spends $2,316.82 per month paying for his mobile home mortgage, mobile home rental space, mobile home insurance, electric, propane, phone, and food. Those expenses, however, include some items which are not properly included in the cost of maintenance, including the phone, restaurant meals, items paid

for by a third party and potentially for her benefit, toiletries, and personal care items for plaintiff's fiance.  Furthermore, Wizard has provided evidence, including the U.S. Department of Agriculture Food Plan, which shows that plaintiff's $457.23 per month food expenditure may not be reasonable.  Wizard also disputes the reasonableness of plaintiff's monthly expenditure for his mobile home mortgage, which plaintiff apparently structured to pay most of the cost during his convalescence.  The Court also considers the employment contract's allocation of $14.00 per day for room and board on the vessel, and the contractual maintenance rate of $35.00 per day.  Plaintiff does not argue that it was a contract of adhesion.  Furthermore, The Polaris Group, Ltd., the maritime adjuster Wizard uses, states that the "standard maintenance payments to claimants made through The Polaris Group, Ltd. in Washington is between $20.00 and $25.00 a day.  Occasionally, claimants have shown documentation that their reasonable expenses exceed these amounts and The Polaris Group, Ltd. has administered payment of as much as $35.00 per day."  Declaration of Eli Bjornoy (Dkt. #18) at ¶ 8.

The Court also considers the fact that plaintiff seeks to increase payments through a motion, rather than at trial.  In exercising its admiralty jurisdiction, the Court is empowered to take a "flexible" approach.  Putnam v. Lower, 236 F.2d 561, 568 (9th Cir. 1956).  Accordingly, the Court will not require plaintiff to meet the summary judgment standard of showing the absence of any genuine issue of material fact.  However, the rate of maintenance must be reasonable, and reasonableness is an issue of fact for trial.  See, e.g., United States v. Robinson, 170 F.2d 578, 582 (5th Cir. 1948).  Plaintiff has not shown that $35.00 per day is unreasonable, and Wizard should have an opportunity to challenge the requested amount at trial.  Therefore, the Court reserves ruling on the reasonableness of the contract rate; until that matter is resolved, Wizard shall continue to pay Mabrey maintenance at the contract rate of $35.00 per day.

**C.     Attorney's Fees.**

Mabrey has also requested attorney's fees related to the filing of this motion.  Based on the current record, the Court cannot find that "the shipowner had been 'willful and persistent' in

ORDER DENYING MOTION TO
COMPEL MAINTENANCE - 4

its failure to investigate [plaintiff's] claim or to pay maintenance." <u>Glynn v. Roy Al Boat Mgt. Corp.</u>, 57 F.3d 1495, 1505 (9th Cir. 1995). Mabrey argues that Wizard's wilfulness is evidenced by the fact that it reduced the payments when he filed this lawsuit. The reduction, however, does not appear punitive. Rather, Wizard ceased advancing Mabrey settlement funds when he chose to file this lawsuit rather than settle his claim.

Wizard has paid Mabrey the maintenance rate set forth in his contract for the duration of the required time period. Although plaintiff seeks a higher rate, the Court finds no evidence of willful or persistent withholding. Absent such a finding, an award of attorney's fees is not justified.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mabrey's motion to compel increased maintenance. (Dkt. #13).

DATED this 10th day of March, 2006.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
COMPEL MAINTENANCE - 5