UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MABREY,

    Plaintiff,

    v.

WIZARD FISHERIES, INC., *et al.*,

    Defendants.

Case No. C05-1499L

ORDER DENYING MOTION TO COMPEL PAYMENT OF CURE

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff John Mabrey, an injured seaman, to compel defendant Wizard Fisheries, Inc. ("Wizard") to pay for medical treatment related to carpal tunnel syndrome ("CTS"). (Dkt. #37). Mabrey also seeks reimbursement of his attorney's fees and costs incurred in bringing this motion. Wizard argues that genuine issues of material fact exist regarding whether plaintiff suffers from CTS and whether it was caused while he was working in service of the vessel.

For the reasons set forth below, the Court denies the motion.

## II. DISCUSSION

**A.    Background Facts.**

Plaintiff worked for Wizard for 13 year. Plaintiff worked as a deckhand and later as an

ORDER DENYING MOTION TO
COMPEL PAYMENT OF CURE - 1

1 engineer. In October 2004, shortly before plaintiff ceased working on the vessel, he worked as a
2 senior deckhand and was responsible for the vessel's maintenance, engines, and mechanical
3 systems, and for certain on deck and fishing operations.

4       Plaintiff alleges that he was injured in two separate incidents in November 2003 and
5 January 2004 aboard the F/V Wizard. Plaintiff asserts that he injured his shoulder while
6 working on the vessel. In July 2005, Mabrey reported a problem with his knee and alleged that
7 it was related to an injury on the vessel.

8       Plaintiff filed his complaint in August 2005 alleging unseaworthiness, negligence, and a
9 violation of the Jones Act. On September 27, 2005, he amended his complaint to add a claim for
10 injury to his left knee. Plaintiff amended his complaint a second time in December 2006 to add
11 a claim for bilateral CTS. He attributes the CTS to repetitive work on the vessel including tying
12 knots, attaching snaps or clips to snail and crab pots, turning wrenches, and operating crane
13 controls.

14       Wizard is currently paying Mabrey maintenance.[1] In this motion, plaintiff seeks cure
15 only related to his CTS. Plaintiff has requested that Wizard pay cure for his CTS, and Wizard
16 has refused.

17       Plaintiff states that he has been experiencing constant pain in his hands since 2003.
18 Mabrey Dep. at pp. 179-80. In April and June 2005, plaintiff complained to his occupational
19 therapist that he was experiencing numbness in his fingertips, constant pain in his thumb and
20 fingers, and "throbbing" pain with tingling and numbness in his "thumb, LF and IF."
21 Declaration of Ryan Nute, (Dkt. #38) ("Nute Decl."), Ex. 5.

22       Dr. Matthew Meunier, plaintiff's orthopedic surgeon, opined in June 2006 that plaintiff's
23 electromyogram ("EMG") "shows moderate carpal tunnel syndrome, with no left ulnar

---

[1] Plaintiff previously filed a motion to compel Wizard to pay him maintenance of $76.17 per day, the amount of his actual living expenses, rather than the contractual amount of $35 per day. The Court denied the motion.

ORDER DENYING MOTION TO
COMPEL PAYMENT OF CURE - 2

neuropathy." Nute Decl., Ex. 7. Dr. Meunier recommended a "carpal tunnel release." Id. Dr. Meunier opined, in a letter dated December 1, 2006, "Clinical examination and electromyographic findings are consistent with moderate carpal tunnel syndrome." Id., Ex. 8. Dr. Meunier explained in his December 2006 letter that the "description of activities on the boat would be consistent with causing an increase in pressure in the carpal tunnel, and thus be consistent with carpal tunnel syndrome." Id., Ex. 8. Plaintiff performed repetitive tasks with his hands aboard the vessel including tying knots[2] and making "snaps"[3] when placing pots. Declaration of John Mabrey, (Dkt. #38) ("Mabrey Decl.")[4] at ¶ 4. Plaintiff began experiencing pain in his hands in 1995, and the pain worsened around 2001 when he spent most of his time operating the hydraulics and tying knots. Id. at ¶ 5. Plaintiff states that he requested braces for his hands in January 2003 but was told that there were none available. Id. at ¶ 7. The vessel's first mate testified that tying knots could lead to CTS because crew members would use their "hands to pull and twist stiff line." Soper Dep. at pp. 81-82. The Captain of the vessel did not recall plaintiff ever asking to wear a brace but he knows that "his hand got sore." Colburn Dep. at p. 108. The Captain stated that every crewmember complained at some point of "sore, tired fingers and wrists." Colburn Dep. at p. 106. One of Wizard's owners and a former captain of the vessel states that plaintiff never complained of carpal tunnel syndrome or symptoms of the condition during his employment. Declaration of John Jorgensen, (Dkt. #48) at ¶ 3.

After defendant received Dr. Meunier's report, the insurer requested a second medical

---

[2] Tying knots involved adding and taking off lengths of line based on the depth of the fishing water. Mabrey Dep. at p. 177. Plaintiff estimates that he and two other crew members tied roughly 250 to 500 knots per day. Id. at p. 178.

[3] During snail fishing, crew members snapped light snail pots onto the ground line with "very stiff snaps." Soper Dep. at pp. 82-83. The vessel discontinued snail fishing in approximately 1995. Colburn Dep. at p. 106.

[4] Plaintiff filed his declaration as an attachment to his counsel's declaration. In the future, each declaration should be filed as a separate docket entry in the electronic filing system.

ORDER DENYING MOTION TO
COMPEL PAYMENT OF CURE - 3

opinion from Dr. William Bowman, who subsequently examined plaintiff. Dr. Bowman noted Dr. Meunier's findings but his examination did not result in objective findings of CTS. Nute Decl., Ex. 9. Dr. Bowman opined,

> Although it is certainly possible this patient's carpal tunnel syndrome may have developed as a result of a cumulative injury occurring in the course of his employment as a fisherman, the lack of any complaints that is documented in the medical records leads me to conclude, to a degree of medical probability, that the patient has not suffered carpal tunnel syndrome as a result of his employment as a King Crab fisherman with the vessel "WIZARD."

Id.

Dr. James Green, who conducted an independent medical examination ("IME") on December 13, 2006, noted Dr. Meunier's findings and diagnosed plaintiff with "subclinical left [CTS]." Declaration of John Lenker, (Dkt. #46) ("Lenker Decl."), Ex. 6; Declaration of Dr. James Green, (Dkt. #47) ("Green Decl.") at ¶ 8. After conducting the IME, Dr. Green noted, "There is no indication of [CTS] during his working activities in the medical record. More probably than not, this condition . . . is the result of a natural progression of an unrelated condition." Lenker Decl., Ex. 6; Green Decl. at ¶ 9. Dr. Green explained that although plaintiff may have experienced hand pain, it was not consistent with CTS. Furthermore, working activities do not alter the tissues in and around the carpal tunnel in such a way that CTS develops at a later date, as plaintiff alleges. Green Decl. at ¶ 9.

After plaintiff asked Wizard to reconsider its denial of cure for CTS, Wizard sought a third opinion, from Dr. Alfred Blue of Seattle Plastic Surgeons, Inc. in Seattle based on his review of the medical records. Dr. Blue's opinion regarding CTS is brief, conclusory and does not appear to consider whether the repetitive nature of plaintiff's work could have caused CTS. Lenker Decl., Ex. 5 ("He also developed a [CTS], and this in no way is related to any work activity that I can find in the record"). Dr. Hugh Stiles, plaintiff's primary care physician, opined that when a positive EMG indicates CTS, then CTS exists. Dr. Stiles opined that plaintiff's work activities could lead to CTS. Stiles Dep. at pp. 46-47.

ORDER DENYING MOTION TO
COMPEL PAYMENT OF CURE - 4

**B.     Payment of Cure.**

The purpose of maintenance and cure is to provide an ill or injured seaman with food, lodging, and necessary medical care during the period when he or she is incapacitated and until maximum medical recovery is achieved. Vaughan v. Atkinson, 369 U.S. 527, 531 (1962). The parties dispute whether the Court should apply a summary judgment standard, and the issue is difficult to resolve. The state of the law in this area is far from clear and often contradictory. Compare Guerra v. Arctic Storm, Inc., Case No. C04-1010RSL (W.D. Wash. Aug. 4, 2004) ("Other than a motion for summary judgment, [the Court is] aware of no other procedure of obtaining pre-trial judgment on the merits of a claim") with Connors v. Iqueque USLLC, Case No. C05-334JLR (W.D. Wash. Aug. 25, 2005) (declining to apply a summary judgment standard because that standard "squares awkwardly with the Supreme Court's instructions" that where "there are ambiguities or doubts, they are resolved in favor of the seamen") (internal citation and quotation omitted). The Court acknowledges that in exercising its admiralty jurisdiction, it is empowered to take a "flexible" approach. Putnam v. Lower, 236 F.2d 561, 568 (9th Cir. 1956). There is also a strong policy favoring the protection of seamen. See, e.g., Farrell v. United States, 336 U.S. 511, 516 (1949) (explaining that "the merit of the seaman's right to maintenance and cure [is] that it is so inclusive as to be relatively simple, and can be understood and administered without technical considerations. It has few exceptions or conditions to stir contentions, cause delays, and invite litigations"). If the issue were presented *at trial*, the Court would construe all doubts as to entitlement in plaintiff's favor. See Vaughan, 369 U.S. at 532 ("When there are ambiguities or doubts, they are resolved in favor of the seaman"). However, neither the Supreme Court nor the Ninth Circuit has provided guidance or announced a standard by which courts should evaluate pretrial motions to compel payment of maintenance and cure. The Local Rules and the Supplemental Admiralty Rules do not provide a procedure to compel payment without a ruling on the merits in advance of trial. Furthermore, in the only Ninth Circuit case to have addressed a similar issue, the Ninth Circuit upheld the district court's

1 refusal to require payment of maintenance and cure as a condition of removing a default against
2 defendants because genuine issues of material fact remained and summary judgment would have
3 been premature. Glynn v. Roy Al Boat Mgt. Corp., 57 F.3d 1495, 1505 (9th Cir. 1995). In
4 addition, whether plaintiff suffers from CTS and, if he does, whether it was caused while he was
5 working in service of the vessel are threshold issues on which plaintiff will bear the burden of
6 proof at trial. For these reasons, the Court applies a summary judgment standard rather than
7 granting interim relief without an adjudication on the merits.[5]

8       Under a summary judgment standard, plaintiff is not entitled to cure at this time.
9 Although plaintiff has evidence to support his claim, as set forth above, there is conflicting
10 evidence regarding whether plaintiff suffers from CTS and, if he does, whether it was caused by
11 working on the vessel.

12 **C.    Attorney's Fees.**

13       Mabrey has also requested attorney's fees related to the filing of this motion. Attorney's
14 fees are available where "the shipowner had been willful and persistent in its failure to
15 investigate [plaintiff's] claim or to pay maintenance." Glynn, 57 F.3d at 1505. The Court finds
16 no willful and persistent withholding in this case in light of the conflicting medical evidence and
17 the fact that plaintiff did not complain specifically of CTS during his employment or for a
18 significant period of time after leaving his employment.

### III. CONCLUSION

20       For the foregoing reasons, the Court DENIES Mabrey's motion to compel payment of

---

[5] In reaching this conclusion, the Court does not find that an award of interim relief is never appropriate. However, in this case, the trial date is quickly approaching, and plaintiff has not shown a compelling personal need to obtain cure in advance of trial.

ORDER DENYING MOTION TO
COMPEL PAYMENT OF CURE - 6

1  cure. (Dkt. #37).

3      DATED this 24th day of May, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

28  ORDER DENYING MOTION TO
COMPEL PAYMENT OF CURE - 7