1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MABREY,

           Plaintiff,

    v.

WIZARD FISHERIES, INC., *et al.*,

           Defendants.

Case No.  C05-1499L

ORDER REGARDING MOTION FOR
ORDER PERMITTING
PERPETUATION DEPOSITIONS OR
TELEPHONIC TESTIMONY AND
REGARDING MOTION TO EXCLUDE

## I.  INTRODUCTION

This matter comes before the Court on plaintiff's motion to permit him to perpetuate the testimony of certain current and former crew members of the Wizard and three of his treating physicians by way of telephonic perpetuation depositions in lieu of their appearance at trial.  In the alternative, plaintiff requests that the Court permit those witnesses to testify telephonically at trial.  (Dkt. #67).  In response, defendant moved to exclude three of plaintiff's physicians because they were not timely disclosed.

For the reasons set forth below, the Court grants in part and denies in part both motions.

## II.  DISCUSSION

Plaintiff seeks to take and present perpetuation depositions of seven current and former crew members, all of whom live outside of Washington state.  Plaintiff also seeks to take

ORDER - 1

perpetuation deposition from three of his treating physicians.  They include Dr. David

Levinsohn, a San Diego physician treating plaintiff's knee injury; Dr. Kenneth Romero, who

will offer testimony about plaintiff's pain management; and psychiatrist Dr. Richard M.

Wachsman in San Diego, who will offer testimony about plaintiff's psychiatric condition.

Plaintiff has already taken perpetuation depositions of Dr. Matthew Meunier, a shoulder surgeon

in San Diego; Dr. Robert Pedowitz, a knee surgeon in Florida; and Dr. Brad Stiles in San Diego,

who plaintiff describes as a "general treating/coordinating physician."  Plaintiff's Motion at p. 2.

Plaintiff does not allege that the witnesses are unavailable to testify at trial.  Rather, he seeks to

avoid the inconvenience, expense, and logistical difficulties that would result if they were

required to testify live at trial.

Federal Rule of Civil Procedure 32(a)(3) provides that the deposition of a witness may be

used "for any purpose" at trial if he or she "is at a greater distance than 100 miles from the place

of trial" or, "upon application and notice, that such exceptional circumstances exist as to make it

desirable, in the interest of justice and with due regard to the importance of presenting the

testimony of witnesses orally in open court, to allow the deposition to be used."

The deadline to disclose expert witnesses was January 15, 2007.  The discovery deadline

was March 15, 2007.  Pursuant to the parties' stipulation and this Court's order, the discovery

deadline for expert witnesses was extended to April 15, 2007.

**A.      Exclusion of Drs. Chambers, Levinsohn, and Wachsman.**

Defendant argues that plaintiff failed to disclose Drs. Chambers, Levinsohn, and

Wachsman prior to the January 15, 2007 expert disclosure deadline.  Defendant notes that the

trial date is quickly approaching, plaintiff disclosed the witnesses only two months before trial,

and defense counsel has commitments in his other cases that will make it difficult for him to

engage in discovery in this case after the deadline.  A party may avoid exclusion if the untimely

disclosure was substantially justified.  See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,

259 F.3d 1101, 1106 (2001).  Plaintiff argues that his belated disclosure was justified by the fact

that the physicians treated him only "recently" after the disclosure deadline, and he disclosed

ORDER - 2

1   them as soon as was practicable.  Although those representations are vague, they provide

2   substantial justification for the delay, particularly because defendant promptly received copies of

3   plaintiff's medical records through the Polaris Group.  Accordingly, the Court will not exclude

4   the testimony of these physicians based on their untimely disclosure.

5        Defendant also requests that the Court exclude Dr. Chambers' testimony because he did

6   not provide an expert report.  Dr. Chambers examined plaintiff for potential work with another

7   company, but concluded that his restrictions were incompatible with the work.  Dr. Chambers is

8   not a treating physician and plaintiff should have provided an expert report because he plans to

9   offer him as an expert.  The deadline has passed, and plaintiff has not even provided a belated

10  report from Dr. Chambers.  Also, in responding to defendant's motion for summary judgment,

11  plaintiff successfully moved to strike the Declaration of Captain Erling Jacobsen filed in support

12  of Wizard's motion because Captain Jacobsen had not been disclosed as a potential expert

13  witness.  Plaintiff cannot insist on defendant's strict compliance with the Rules while

14  disregarding them himself.  Accordingly, Dr. Chambers' testimony will be excluded for failure

15  to provide an expert report.

16  **B.      Timing and Number of Depositions.**

17       Defendant objects to allowing plaintiff to take the perpetuation depositions on the

18  grounds that doing so would exceed the ten deposition limit in Federal Rule of Civil Procedure

19  30(a)(2), which plaintiff has already exceeded, and would require the taking of depositions after

20  the discovery deadline.  Plaintiff argues that the limit and the deadline apply to discovery

21  depositions, but not to perpetuation depositions where he is seeking to preserve rather than learn

22  the content of testimony.

23       There is no Ninth Circuit authority on the issue of whether these types of depositions are

24  "discovery" depositions subject to the limits in the Rules or "trial" depositions exempt from

25  those strictures.  Authority from other districts is scant and conflicting.  See, e.g., Energex

26  Enterprises, Inc. v. Shughart, Thomson & Kilroy, P.S., 2006 U.S. Dist. LEXIS 58395 (D. Ariz.

27  2006) (denying motion to conduct additional depositions); Integra Lifesciences I, Ltd. v. Merck

28  ORDER - 3

1    KgaA, 190 F.R.D. 556, 558 (S.D. Cal. 1999) (same); Estenfelder v. Gates Corp., 199 F.R.D. 351

2    (D. Colo. 2001) (permitting depositions).  The Court finds more persuasive the cases holding

3    that these depositions are subject to the limits in the Rules because the Rules do not distinguish

4    between discovery and perpetuation depositions for trial.  Furthermore, as the court noted in

5    Integra, under plaintiff's theory, "nothing would keep the parties from waiting until after the

6    close of discovery to take all of these 'trial' depositions."  190 F.R.D. at 559.  The Court

7    therefore concludes that these depositions are subject to the numerical and time limits in the

8    Federal Rules of Civil Procedure and the Court's scheduling order.

9         The Court finds good cause to exceed the numerical limit because plaintiff has diligently

10   used his prior depositions to depose the numerous experts in this case, and none was taken for

11   an improper purpose.  However, plaintiff has not shown good cause to depose the seven lay

12   witnesses after the discovery deadline.  Plaintiff knew about those witnesses months ago but has

13   not been diligent in taking their depositions.  Furthermore, permitting the depositions would

14   subject defendant to the expense and burden of seven additional depositions on the eve of trial

15   for testimony that appears duplicative and only marginally relevant.  Although plaintiff argues

16   that permitting the depositions will "significantly curtail" the burdens on the witnesses, parties

17   and the Court, it will increase the burden on defendant and deprive the Court and the parties of

18   the benefit of live testimony.  Accordingly, plaintiff is denied leave to depose the lay witnesses.

19   For the same reasons, plaintiff is also denied leave to present their testimony telephonically

20   during trial.[1]

21        As for the physicians, plaintiff states that he has been treated by Drs. Levinsohn and

22   Wachsman only after the deadline to disclose experts, so he could not have disclosed them

23

24        [1] Federal Rule of Civil Procedure 43(a) provides, "In every trial, the testimony of
25   witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of
     Evidence, or other rules adopted by the Supreme Court provide otherwise.  The court may, for
26   good cause shown in compelling circumstances and upon appropriate safeguards, permit
     presentation of testimony in open court by contemporaneous transmission from a different
27   location."

28   ORDER - 4

1   earlier.  He also states that although he has received treatment from Dr. Romero for some time,

2   "it was not anticipated there would be a need for his testimony until Dr. Williamson-Kirkland's

3   deposition (in which his treatment and Mr. Mabrey's acceptance of it were criticized)."

4   Plaintiff's Reply at p. 3.  These statements represent good cause to permit the depositions to

5   occur after the discovery deadline.  Furthermore, any prejudice to defendant is lessened by the

6   fact that the parties are unlikely to go to trial in July given the Court's schedule.  Accordingly,

7   plaintiff may take perpetuation depositions of these three physicians by telephone.  Although

8   defendant has proposed videoconferencing as an alternative, the Court does not find it practical

9   under the circumstances.

10      Finally, defendant requests that if the Court allows plaintiff to depose the physicians, it

11   be allowed to conduct a Rule 35 examination of plaintiff by defendant's own expert psychiatrist.

12   The Court grants permission for that Rule 35 examination.  However, plaintiff has stated that he

13   is currently searching for a job, and the combination of those efforts and the expense of traveling

14   to Seattle would impose an undue burden on him.  Also, defendant previously located a Rule 35

15   examiner in San Diego, where plaintiff resides, to examine plaintiff regarding his alleged carpal

16   tunnel syndrome.  In light of these facts, defendant must attempt to find a suitable physician for

17   the examination in San Diego.  If defendant is unable to do so, it may move the Court for

18   permission to require plaintiff to travel to Seattle.

19                              **III.  CONCLUSION**

20      For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART

21   plaintiff's motion.  (Dkt. #67).  The Court also notes that the parties have previously engaged in

22   mediation.  Although that mediation was unsuccessful, the mediator, Judge Terrence Carroll,

23   ret., has informed the Court that significant progress was made.  Now that the Court has ruled on

24   all outstanding dispositive and discovery motions, it encourages the Court to consider further

25

26

27

28   ORDER - 5

1    mediation with Judge Carroll.

2

3           DATED this 8th day of June, 2007.

4

5                                   Robert S. Lasnik
6                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER - 6