1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                )
JOHN MABREY,                                          )
                                                                )     No. C05-1499RSL
                                  Plaintiff,              )
            v.                                                 )     ORDER GRANTING IN PART,
                                                                )     DENYING IN PART, AND
WIZARD FISHERIES, INC., *et al.*,              )     RESERVING IN PART
                                                                )     DEFENDANTS' MOTIONS
                                  Defendants.          )     IN LIMINE
_____)

14

15

16

17

18

19

20

21

22

23

24

25

26

        This matter comes before the Court on "Defendants' Motions in Limine" (Dkt. #85).  In

their motion, defendants present eight separate issues for the Court's consideration.  Having

reviewed the memoranda submitted by the parties, the Court finds as follows:

        **1.        Theories of negligence attributable to defendants by Dr. Wachsman**

        In the Court's June 8, 2007 Order, the Court denied defendants' request to exclude Dr.

Wachsman's testimony at trial.  See Dkt. #103 at 2.  Based on this prior ruling, the Court

DENIES defendants' motion to exclude the testimony of Dr. Wachsman or "damages and/or

theories" based on his testimony.  See Motion at 4.

        **2.        Exclude expert opinion testimony not based on facts**

        In their motion in limine to "exclude any opinions by plaintiff's experts which are not

based on the actual facts of the case," defendants do not identify any specific opinion to be

ORDER GRANTING IN PART, DENYING IN
PART AND RESERVING IN PART
DEFENDANTS' MOTIONS IN LIMINE

1    excluded.  See Motion at 4.  The motion is simply a reiteration of Fed. R. Evid. 702, which

2    states in part that "a witness qualified as an expert by knowledge, skill, experience, training, or

3    education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is

4    based on sufficient facts or data[.]"  Without offering a specific opinion to be excluded under

5    this rule, the Court cannot preemptively grant defendant's motion in limine.  The Court will

6    exclude evidence under the Federal Rules if warranted at trial.  Accordingly, the Court

7    RESERVES ruling on defendants' second motion in limine.

8            **3.        Limiting plaintiff's lay witnesses to a reasonable number**

9            In their motion, defendants seek to limit some of plaintiff's lay witness to a "reasonable

10   number."  The Court RESERVES ruling on defendants' third motion in limine until the pretrial

11   conference on June 27, 2007.

12           **4.        Evidence of plaintiff's medical condition**

13           Defendants move for an order allowing them to present evidence at trial of "plaintiff's

14   mental condition at the time of the accidents and during recovery, including prescription and/or

15   illegal drugs he may have or was taking."  See Motion at 5.  Until the testimony and documents

16   are presented, however, the Court RESERVES ruling on the admissibility of this evidence until

17   the time of trial.

18           **5.        Subsequent remedial measures**

19           Defendants move to exclude evidence of subsequent remedial measures made to the deck,

20   hatch covers and gear room of the F/V WIZARD and any changes made to the safety policies

21   and procedures aboard the F/V WIZARD.  See Motion at 6.  The Court has already concluded

22   that evidence of subsequent remedial measures would not be considered under Fed. R. Evid.

23   407.  See Dkt. #88 at 3.  Accordingly, the Court GRANTS defendants' motion.

24

25

26   ORDER GRANTING IN PART, DENYING IN
     PART AND RESERVING IN PART
     DEFENDANTS' MOTIONS IN LIMINE

1

**6.      Plaintiff's expert Richard Gill, Ph.D**

2      Defendants move to exclude plaintiff's human factors expert Richard Gill under <u>Daubert</u>

3   <u>v. Merrill Dow Pharms., Inc.</u>, 509 U.S. 592 (1993) and based on a lack of foundation.  <u>See</u>

4   Motion at 6.  Based on Richard Gill's declaration and plaintiff's response, the Court finds Mr.

5   Gill qualified to testify.  <u>See</u> Dkt. #94.  Accordingly, the Court DENIES defendants' motion to

6   exclude Richard Gill's testimony.

7
**7.      Plaintiff's liability expert Charles A. Jacobsen**

8
Defendants also move to exclude any testimony of Charles Jacobsen based on "legal

9   conclusions."  <u>See</u> Motion at 9.  Under Fed. R. Evid. 704, "testimony in the form of an opinion

10   or inference otherwise admissible is not objectionable because it embraces an ultimate issue to

11   be decided by the trier of fact."  Accordingly, the Court DENIES defendants' motion on this

12   basis and DENIES defendants' motion to strike portions of Mr. Jacobsen's report.

13

14
**8.      Plaintiff's vocational expert John Berg**

15      Finally, defendants move to exclude plaintiff's expert John Berg under <u>Daubert v. Merrill</u>

16   <u>Dow Pharms., Inc.</u>, 509 U.S. 592 (1993).  <u>See</u> Motion at 12.  Based on John Berg's declaration

17   and plaintiff's response, the Court finds Mr. Berg qualified to testify.  <u>See</u> Dkt. #96.

18   Accordingly, the Court DENIES defendants' motion to exclude John Berg's testimony.

19      For all of the foregoing reasons, "Defendants' Motions In Limine" (Dkt. #85) are

20   GRANTED in part, DENIED in part, and RESERVED in part.

21
DATED this 27th day of June, 2007.

22

23

24                                        Robert S. Lasnik
                                          United States District Judge
25

ORDER GRANTING IN PART, DENYING IN
26   PART AND RESERVING IN PART
DEFENDANTS' MOTIONS IN LIMINE