UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JOHN MABREY,                           )   No. C05-1499RSL
                                       )
                   Plaintiff,          )   ORDER DENYING DEFENDANTS'
        v.                             )   MOTION FOR ORDER TO SEAL
                                       )   DECLARATION OF JOHN E.
WIZARD FISHERIES, INC., *et al.*,      )   LENKER IN SUPPORT OF
                                       )   DEFENDANTS' MOTIONS IN
                   Defendants.         )   LIMINE
_____)

     This matter comes before the Court on defendants' "Motion for Order to Seal Declaration of John E. Lenker in Support of Defendants' Motions In Limine" (Dkt. #86). As stated in Local Civil Rule 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public view." Rule 5(g)(2) further provides that "[t]he law requires, and the motion [to seal] and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." In their motion, defendants request that the Court seal the <u>entire</u> declaration of John E. Lenker, including the six attached exhibits, because "redaction pursuant to the General Order [of] the Court regarding public access to electronic case files would be unwieldy." Motion at 1. The Court disagrees.

ORDER DENYING DEFENDANTS' MOTION
FOR ORDER TO SEAL

In the Court's May 29, 2003 General Order regarding "Public Access to Electronic Case Files," the Court ordered that parties redact "personal data identifiers from all pleadings filed with the court, including exhibits thereto."  Personal data identifiers include:  social security numbers, names of minor children, dates of birth, and financial account numbers.  Id.

In this case, there is no justification to seal John E. Lenker's declaration itself because it does not contain any personal data identifiers.  Second, based on the Court's review, exhibits 1 and 2 consisting of Richard Gill's "human factors" expert report and curriculum vitae do not appear to contain any personal data identifiers.  Third, based on the Court's review, exhibits 3 and 4 consisting of Captain Charles Jacobsen's expert report and resume also do not appear to contain any personal information.  Finally, exhibit 6, John Berg's curriculum vitae, does not appear to contain any personal data identifiers.  Only exhibit 5 to John Lenker's declaration, John Berg's "vocational assessment report," contains personal data identifiers.  But, the Court does not find sealing this document appropriate because redaction of this six page document is not "unwieldy" as defendants contend.

For all of the foregoing reasons, the Court DENIES defendants' "Motion for Order to Seal Declaration of John E. Lenker in Support of Defendants' Motions In Limine" (Dkt. #86).  However, because defendants filed the Lenker declaration and the exhibit containing personal data identifiers as one document, docket #87 shall remain sealed.  Defendants are ORDERED to refile, within three days from the date of this Order, the Declaration of John E. Lenker and accompanying exhibits with any personal data identifiers redacted.

DATED this 3rd day of July, 2007.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION
FOR ORDER TO SEAL                                  -2-