1

The Honorable Robert S. Lasnik

2

3

4

5

6

7                             UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9   JOHN MABREY, an individual,                    In Law and In Admiralty

10                  Plaintiff,                      No.  CV5-1499
              vs.
11                                                 PLAINTIFF'S MOTION FOR
    WIZARD FISHERIES, INC., a Washington           TAXATION OF COSTS
12  corporation, and F/V WIZARD, its
    appurtenances, tackle, etc., *in rem*,         NOTED FOR HEARING:
13                                                 TUESDAY, SEPTEMBER 25, 2007
                    Defendants.                    (LR 7(d)(2); 54(d)(1)
14

15
                              I.       OVERVIEW
16
          Plaintiff requests that the Clerk tax costs in favor of Plaintiff as the prevailing party in
17
    this case pursuant to LR 54(d)(1)(3).  The accompanying *Declaration of Michael David Myers*
18
    describes the costs sought in this motion as does *Plaintiff's Bill of Costs.*
19
                              II.      PERTINENT FACTS
20
          This case was adjudicated in a bench trial commencing on July 2, 2007 and concluding
21
    on July 9, 2007.  The Court found in favor of Plaintiff on his claims of negligence and
22
    unseaworthiness for a shoulder injury sustained on January 8, 2004 and awarded damages and
23
    continuing maintenance and cure.
24

25

PLAINTIFF'S MOTION FOR TAXATION OF                    MYERS & COMPANY P.L.L.C.
COSTS - 1                                          1809 SEVENTH AVENUE, SUITE 700
                                                     SEATTLE, WASHINGTON  98101
                                                      TELEPHONE (206) 398-1188

### III.   EVIDENCE RELIED UPON

Plaintiff relies on the accompanying *Declaration of Michael David Myers* and the exhibits thereto.

### IV.   AUTHORITY AND ARGUMENT

A.   Governing Law

Local Rule 54(d) provides that the party in whose favor judgment is rendered and who seeks to recover costs shall, within twenty days after the entry of judgment, file and serve a motion seeking the same for consideration by the Clerk of the Court.

Fed.R.Civ.P. 54(d)(1) provides that costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

A prevailing party is one in whose favor a judgment is rendered. *Firefighters' Institute for Racial Equality ex rel. Anderson v. City of St. Louis,* 220 F.3d 898, 905 (8th Cir. 2000). Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The prevailing party is prima facie entitled to recover costs and the losing party has the burden of affirmatively showing the prevailing party is not entitled to costs by demonstrating a valid reason. *Save Our Valley v. Sound Transit,* 335 F.3d 392, 944 (9th Cir. 2003).

Unless otherwise authorized by statute or contract, the type of costs recoverable are those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441042 (1987). That statute provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;

PLAINTIFF'S MOTION FOR TAXATION OF
COSTS - 2

MYERS & COMPANY P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON  98101
TELEPHONE (206) 398-1188

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1924 provides as follows:

Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

The following authority exists for allowing the costs sought in this case:

- Costs paid to private process servers are recoverable under §1920.  28 U.S.C. § 1920(1); *Alflex Court v. Underwriters Laboratories, Inc.,* 914 F.2d 175, 178 (9th Cir. 1990).

- The cost of deposition transcripts may be awarded upon a showing that they were necessarily obtained for use in the case.  28 U.S.C. § 1920(2); *Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir.1998); *Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 76 F.3d 1178, 1180-81 (Fed. Cir. 1996); *Barber v. Ruth,* 7 F.3d 636, 645 (7th Cir. 1993).  The expense of deposition copies reasonably necessary for use in the case may be included in the award of costs; this rule applies to copies of both the opponent's and the prevailing party's own depositions.  *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 180-81 (7th Cir. 1979).  The charges of court reporter for transcripts of depositions reasonably necessary for use in the case even though not used at trial are recoverable upon a proper showing, and expense of discovery depositions which meet this test are recoverable as costs. *Id.*

- Witness fees are recoverable at the rate specified by 28 U.S.C. § 1821 ($40.00 per day).  28 U.S.C. § 1920(3), *Crawford Fitting Co.*, 482 U.S. at 442.

PLAINTIFF'S MOTION FOR TAXATION OF
COSTS - 3

MYERS & COMPANY P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON  98101
TELEPHONE (206) 398-1188

1

- Reasonable travel and lodging expenses for nonparty witnesses are recoverable.
28 U.S.C. § 1821 ;U.S.C. § 1920(3); *Majeske,*18 F.3d at 25.

- The costs of printing pleadings and other papers required to be served upon
opposing parties and the court are taxable.  28 U.S.C. § 1920(3); *McMillan v.
United States*, 891 F. Supp. 408, 415 (W.D. Mich. 1995).

- The expense of copying pleadings, correspondence and other documents filed
with the court and tendered to the opposing party is recoverable provided they are
necessarily obtained for use in the case.  28 U.S.C. § 1920(4); *McMillan,* 891 F. at
415; *Murdock v. Stout,* 54 F.3d 1437, 1444 (9th Cir.1995) (under section 1920(3)
and (4), expenses for some printing and photocopying are recoverable costs).
Photocopying costs for the convenience, preparation, research, or records of
counsel may not be recovered. *Grady v. Bunzl Packaging Supply Co*., 161 F.R.D.
477, 479 (N.D.Ga.1995).

- Medical records charges are recoverable as "fees for exemplification and copies
of papers necessarily obtained for use in the case" pursuant to §1929(4).
*Pershern v. Fiatallis N. Am., Inc.,* 834 F.2d 136, 139 (8th Cir.1987) (allowing
recovery for cost of obtaining medical records); *Molnar v. Elgin, Joliet and
Eastern Ry. Co*., 697 F. Supp. 306, 311-12 (N.D.Ill.1988) (costs for copies of
injured railroad employee's medical records were reasonably necessary in
employee's action against railroad to recover for injuries); *Romero v. U.S*., 865 F.
Supp. 585, 595 ( E.D.Mo.1994) (plaintiff who prevailed in medical malpractice
action against United States could recover costs of copying medical records for
use of expert witnesses).

PLAINTIFF'S MOTION FOR TAXATION OF
COSTS - 4

MYERS & COMPANY P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON  98101
TELEPHONE (206) 398-1188

- Expenses for copies includes any reproduction involving paper, including oversized documents and color photographs.  *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

- Photocopying charges are recoverable even if the underlying document was never used at trial.  *Haagen-Dazs Co, Inc. v. Double Rainbow Gourmet Ice Creams, Inc.,* 920 F.2d 587, 588 (9th Cir. 1990).

-  "'[Exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids….[and]may under certain circumstances encompass illustrative materials *if 'necessarily obtained for use in the case,'"*.  *Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988) (emphasis original).  This includes expenses associated with computer graphic presentation.  *Tokyo Electron Arizona, Inc. v. Discreet Industries Corp.*, E.D.N.Y.2003, 215 F.R.D. 60, 67, 67 U.S.P.Q.2d 1284 ("The court supports the use of technology to improve the presentation of information to the a jury and/or to the bench, and notes that the Power Point presentation at issue was very helpful, in both its video and paper formats[.]").

- The prevailing party need only provide "the best breakdown obtainable from retained records." If the " 'documentation establishes that these were copies made for this case for its attorneys and billed in the normal course with the documents coming in[,]'" it is sufficient. *Movitz v. First Nat. Bank of Chicago,* 982 F. Supp. 571, 577 (N.D.Ill.,1997), citing *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir.1991).

- "In-house" copying charges are recoverable but limited to what is "fair and reasonable."  *Cypress-Fairbanks Independent School District v. Michael F. by*

PLAINTIFF'S MOTION FOR TAXATION OF
COSTS - 5

*Barry F.,* 931 F. Supp. 474, 483 (S.D. Tex. 1995).  It is reasonable to infer that in-house copies were billed in the normal course of litigation where charges are computer generated from a copy counter on the photocopier which automatically bills clients based on client codes. *Movitz***,** 982 F. Supp. at 577.

    B.       <u>Recoverable Costs in the Instant Case</u>

Plaintiff seeks taxation of the following costs.  These are detailed in the *Declaration of Michael David Myers* and summarized in *Plaintiff's Bill of Costs.*

| | | |
|---|---|---|
| 1. | Filing fee | $250.00 |
| 2. | Service of Process | $49.55 |
| 3. | Deposition Transcripts | $10,280.43 |
| 4. | Witness Fees | $3,024.40 |
| 5. | Exemplification and Copying | $8,038.34 |
| | ***TOTAL*** | ***$21,642.72*** |

## V.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Clerk tax the costs sought by Plaintiff as the prevailing party.

PLAINTIFF'S MOTION FOR TAXATION OF
COSTS - 6

MYERS & COMPANY P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON  98101
TELEPHONE (206) 398-1188

1
DATED this 14th day of September, 2007.

2
MYERS & COMPANY, P.L.L.C.

3
Attorneys for Plaintiff

4

5
By:_____

6
Michael David Myers
WSBA No. 22486

7
Ryan C. Nute
WSBA No. 32530

8
MYERS & COMPANY, P.L.L.C.
1809 Seventh Avenue, Suite 700

9
Seattle, Washington  98101
Telephone:  (206) 398-1188

10
Facsimile:  (206) 398-1189
E-mail: mmyers@myers-company.com

11
rnute@myers-company.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION FOR TAXATION OF
COSTS - 7

MYERS & COMPANY P.L.L.C.
1809 SEVENTH AVENUE, SUITE 700
SEATTLE, WASHINGTON  98101
TELEPHONE (206) 398-1188