UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
JOHN MABREY,                            )     No. C05-1499RSL
                                        )
                    Plaintiff,          )     ORDER DENYING DEFENDANTS'
        v.                              )     MOTION TO CORRECT JUDGMENT
                                        )     AND ORDER GRANTING MOTION
WIZARD FISHERIES, INC., *et al.*,       )     FOR ORDER ON STIPULATION OF
                                        )     PREJUDGMENT INTEREST ON
                    Defendants.         )     ADVANCES TO SETTLEMENT
_____)     OFFSET

## I.  INTRODUCTION

This matter comes before the Court on "Defendants' Motion to Correct Judgment" (Dkt. #137) and the parties' "Motion for Order on Stipulation of Prejudgment Interest on Advances to Settlement Offset" (Dkt. #153).  For the reasons set forth below, the Court grants the parties' stipulation and denies defendants' motion to correct judgment.

## II.  DISCUSSION

**A.      Stipulation on amount of prejudgment interest on offset**

In the August 30, 2007 "Memorandum of Decision," the Court determined that the $60,326.66 advanced by defendants to plaintiff shall be offset against plaintiff's total damages award of $272,060.  See Dkt. #133 (Memorandum of Decision) at 9 n.1.  The Court, however, reserved for the parties the prejudgment interest calculation on the $60,326.66 because the

ORDER DENYING MOTION TO CORRECT
JUDGMENT AND ORDER GRANTING
STIPULATION ON PREJUDGMENT INTEREST

1   payment was spread in varying amounts over a more than a year's time.  Id.  On October 11,

2   2007, the parties stipulated that "the prejudgment interest on that portion of offset representing

3   previous advances on settlement to the plaintiff by the defendant ($60,326.66), is by mutual

4   agreement computed to be $6,192.75, for a total of $66,519.41."  Dkt. #153 at 1.  Based on this

5   stipulated sum, the Court directs the Clerk of Court to amend the judgment (Dkt. #134) in favor

6   of plaintiff for a total amount of $205,540.59.[1]

7   **B.      Motion to correct judgment**

8           In their motion to correct judgment under Fed. R. Civ. P. 60(a), defendants move to:  (1)

9   correct the judgment to reflect the correct amount of prejudgment interest accrued on the

10  advances on settlement; and (2) to correct the judgment to allow defendants a setoff in the

11  amount of payments made by defendants to plaintiff as cure for his knee injury.  See Motion at

12  1.  Given the parties' stipulation and the Court's ruling above, the portion of defendants' motion

13  regarding the amount of prejudgment interest to be applied to the offset is DENIED as MOOT.

14          In their motion, defendants also claim that they should be entitled to recoup payments

15  made as cure for plaintiff's knee injury because of the Court's findings of fact and conclusions

16  of law determining that plaintiff failed to prove that his knee injury was caused by his fall

17  through the broken deck board in November 2003 or through an open hatch cover a few days

18  later.  See Motion at 2-4.

19          Defendants, however, failed to expressly seek restitution for cure payments related to

20  plaintiff's knee injury in their answer, by counterclaim, or by affirmative defense.  See Dkt. #29.

21  Significantly, defendants also failed to seek restitution for prior cure payments at trial.  See Dkt.

22  #115 (Trial Brief).

23  _____

24          [1]  This amount is calculated as:  $272,060 (total damages award, see Dkt. #133 at 9) less
    $66,519.41 offset (see Dkt. #133 at 9 n.1) = **$205,540.59**.

25

26  ORDER DENYING MOTION TO CORRECT
    JUDGMENT AND ORDER GRANTING
    STIPULATION ON PREJUDGMENT INTEREST

1    The Court has been unable to find any Ninth Circuit authority holding that prior

2    payments for maintenance and cure may be set off from a damages award or recovered in

3    restitution.  Defendants assert in their motion that "[o]ther jurisdictions hold that if a shipowner

4    pays a seaman more than that required for maintenance and cure the shipowner may recover the

5    overpayment by means of setoff against other damages."  Reply at 4.  However, all three of the

6    cases cited in support of this proposition contain allegations or evidence that plaintiff procured

7    the cure payments through fraud or misrepresentation.  See Huss v. King Co., Inc., 338 F.3d

8    647, 650 n.50 (affirming trial court's credit for payment of cure where defendants continued

9    payments after maximum cure had been reached because plaintiff provided false information

10   during a medical history); Brege v. Lakes Shipping Co., Inc., 225 F.R.D. 546, 549 (E.D. Mich.

11   2004) (granting defendants leave to amend a counterclaim contending that plaintiff engaged in a

12   fraudulent scheme to cause defendants to pay maintenance and cure); Bergeria v. Marine

13   Carriers, Inc., 341 F. Supp. 1153, 1157 (E.D. Pa. 1972) (involving a "claim for recovery by the

14   shipowner of the maintenance and cure which it claims was fraudulently procured.").  In

15   contrast here, at trial defendants did not assert or prove that plaintiff obtained cure payments for

16   his knee based on fraud or misrepresentation.  In the absence of circuit authority, the Court

17   denies defendants' request to set off cure payments for plaintiff's knee against his damages

18   award.  See Vaughan v. Atkinson, 369 U.S. 527, 531-32 (1962) ("Admiralty courts have been

19   liberal in interpreting this [maintenance and cure] duty for the benefit and protection of seaman

20   who are its wards. . . . When there are ambiguities or doubts, they are resolved in favor of the

21   seaman.") (internal quotation marks and citation omitted).

22        The Court also concludes that allowing defendants to recover prior cure payments for

23   plaintiff's knee would frustrate the Supreme Court's pronouncements concerning the public

24   policy behind the maintenance and cure doctrine.  In Farrell v. United States, 336 U.S. 511

25   (1949), the Supreme Court stated:

ORDER DENYING MOTION TO CORRECT
26   JUDGMENT AND ORDER GRANTING
     STIPULATION ON PREJUDGMENT INTEREST

1
2
3
4
5

> It has been the merit of the seaman's right to maintenance and cure that it is so inclusive as to be relatively simple, and can be understood and administered without technical considerations. It has few exceptions or conditions to stir contentions, cause delays, and invite litigations. The seaman can forfeit the right only by conduct whose wrongful quality even simple men of the calling would recognize – insubordination, disobedience to others, and gross misconduct. On the other hand, the master knew he must maintain and care for even the erring and careless seaman, much as a parent would a child.

Id. at 515. Justice Douglas went on to state:

6
7
8
9

> Maintenance and cure is an ancient doctrine. It reflects in part the concern which the state has had from an early date in a poor and improvident class of workers. . . . If men are to go down to the sea in ships and face the perils of the ocean, those who employ them must be solicitous of their welfare. . . . It reflects the great public policy of preserving this important class of citizens for the commercial service and maritime defense of the nation.

10  Id. at 523-24 (Douglas, J., dissenting) (internal quotation marks omitted).

11      Allowing defendants to recover prior cure payments when they did not expressly assert

12  the counterclaim or affirmative defense of restitution and did not seek to recover the cure

13  payment at trial or show that the cure payments were obtained through misrepresentation or

14  fraud would frustrate the "relatively simple" ancient maintenance and cure doctrine, and would

15  instead promote "technical considerations" that would in future cases lead to the introduction of

16  complexities and uncertainty that could "stir contentions, cause delays, and invite litigations."

17  Farrell, 336 U.S. at 515; see Vella v. Ford Motor Co., 421 U.S. 1, 5 (1975).

18                          **III.  CONCLUSION**

19      For all of the foregoing reasons, "Defendants' Motion to Correct Judgment" (Dkt. #137)

20  is DENIED and the parties' "Motion for Order on Stipulation of Prejudgment Interest on

21  Advances to Settlement Offset" (Dkt. #153) is GRANTED. The Clerk of Court is directed to

22  amend the Judgment (Dkt #134) consistent with the terms of this order.

23  //

24  //

25

26  ORDER DENYING MOTION TO CORRECT
    JUDGMENT AND ORDER GRANTING
    STIPULATION ON PREJUDGMENT INTEREST

                          -4-

1    DATED this 7th day of January, 2008.

2

3                              *MM S Lasnik*

4                              Robert S. Lasnik
                               United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
     ORDER DENYING MOTION TO CORRECT
     JUDGMENT AND ORDER GRANTING
     STIPULATION ON PREJUDGMENT INTEREST        -5-